NOT DESIGNATED FOR PUBLICATION

No. 127,304

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEMETRIA ANDRA SCOTT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; RYAN W. ROSAUER, judge. Opinion filed December 6, 2024. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before ISHERWOOD, P.J., WARNER and HURST, JJ.

PER CURIAM: Demetria Andra Scott appeals the district court's revocation of his probation stating simply that the district court abused its discretion in concluding that imposition of his underlying prison sentence was warranted. Scott moved for summary disposition pursuant to Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48), and we granted leave to proceed without briefing. Based upon a thorough review of the record, we affirm the district court's decision.

FACTUAL AND PROCEDURAL BACKGROUND

Scott entered a nolo contendere plea to a single count each of aggravated domestic battery, a felony, and misdemeanor domestic battery for crimes committed in March

1

2021. Sentencing occurred in February 2022, at which time the district court adhered to the presumption and granted Scott probation for 24 months, with an underlying prison term of 24 months for the felony conviction and a consecutive jail sentence of 6 months for his misdemeanor offense.

Less than one year later, the State filed a motion to revoke Scott's probation in response to his commission of new offenses and reported marijuana usage. The district court determined that Scott violated his probation and ordered him to serve a three-day jail sanction.

After several continuances, in March 2023 the district court again found Scott in violation of his probation and ordered him to serve a seven-day jail sanction, including three consecutive days. Scott's probation was also extended for 24 months at the conclusion of that hearing.

Scott was back before the district court within five months to answer for numerous violations, including the failure to serve the seven-day jail sanction the court previously imposed. The district court revoked Scott's probation and ordered him to serve his underlying sentence.

Scott brings his case before this court for a determination of whether the district court properly exercised its discretion in finding that imposition of his underlying sentence was the most appropriate disposition.

LEGAL ANALYSIS

Once a probation violation is established, a district court has discretion to revoke probation and impose the original sentence unless the court is otherwise limited by statute. This court reviews such decisions for an abuse of discretion. Such abuse occurs

when a district court's decision is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; (3) or based on an error of fact. Scott, as the party contending the court abused its discretion, bears the burden of establishing that such abuse occurred. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022).

Scott's argument in support of his claim consists solely of a conclusory assertion that the district court abused its discretion when it revoked his probation and ordered him to serve his underlying sentence. He neglects to substantiate his contention with any substantive argument that highlights the district court's commission of legal or factual errors. Therefore, we can only reverse the district court's revocation of Scott's probation and imposition of the underlying prison and jail terms if no reasonable person would agree with the district court's decision. See *Tafolla*, 315 Kan. at 328; *State v. Brown*, 51 Kan. App. 2d 876, Syl. ¶ 4, 357 P.3d 296 (2015).

Our comprehensive review of Scott's case reveals the commission of multiple violations, on three separate occasions, scarcely over a year after he was placed on probation. Of particular concern is the fact Scott failed to serve the jail sanction ordered in response to the violations immediately preceding his final probation violation hearing. Accordingly, we are unable to adopt Scott's position that the district court abused its discretion when it declined to impose yet another sanction and reinstate his probation.

Scott's crimes of conviction were committed while he was on felony bond. Accordingly, the district court had the authority to sentence Scott to prison. As an act of grace, the district court opted to instead follow the presumption and grant Scott a nonprison sentence. Scott responded by committing a multitude of violations and thereby squandered the opportunity he had been given.

We find that a reasonable person could agree with the district court's conclusion that revocation of Scott's probation was warranted. We affirm the district court's decision to revoke probation and order that Scott serve his underlying prison and jail terms.

Affirmed.